Electronically Filed
5/26/2021 5:32 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**C. JARED CLARK, ESQ.**
Nevada Bar No.: 13672
**CLARK LAW GROUP, PLLC**
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
Phone: (702) 330-3272
Fax: (702) 447-5323
E-mail: jared@cjclarklawgroup.com
*Attorneys for Plaintiff*

CASE NO: A-21-835308-C
Department 4

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| FUMIKO LEGGETT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CARISA RENEE MCCLARIN, individually;<br>KKW TRUCKING, INC., a Domestic Corporation;<br>DOES 1 through 20, inclusive; and ROE<br>BUSINESS ENTITIES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.<br>Dept No.<br><br>**COMPLAINT** |

COMES NOW the Plaintiff FUMIKO LEGGETT, by and through her counsel, C. JARED CLARK, ESQ. of the law firm of CLARK LAW GROUP, PLLC, and for her causes of action against the Defendants, and each of them, alleges as follows:

### PARTIES AND JURISDICTION

1.　　At all times relevant hereto, Plaintiff FUMIKO LEGGETT, (hereinafter "LEGGETT"), was and still is, an individual residing in the County of Clark, State of Nevada.

2.　　At all times relevant hereto, and upon information and belief, Defendant CARISA RENEE MCCLARIN (hereinafter "MCCLARIN") was and still is, an individual residing in the County of Clark, State of Nevada.

1

3. At all times relevant hereto, and upon information and belief, Defendant KKW TRUCKING, INC. (hereinafter "KKW") was and still is, a Domestic Corporation licensed and doing business in the County of Clark, State of Nevada.

4. The true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators or individuals maintaining, with the duty to maintain, and/or within possession and control of the motor vehicles herein alleged and/or are within the flow of traffic as related hereto. Plaintiff is informed and believes and thereon alleges that ROE BUSINESS ENTITIES 1 through 20 are owners of the motor vehicles herein alleged and/or are some manner responsible for the actions of its employees, agents and/or assigns related hereto. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 10 are agents, employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 20, and DOES 11 through 20 are immediate family members of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.440, which states:

> NRS 41.440
> *Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate family member of a family for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.*

Plaintiff is informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, intentionally, or otherwise responsible for the events and happenings referred to, and caused

2

damages proximately to Plaintiff as herein alleged.  Plaintiff will ask leave of the Court to amend the Complaint to insert the true names of such Defendants when the same have been ascertained.

5. All of the events which are complained of herein took place in the County of Clark, State of Nevada.

6. At all times herein mentioned, and particularly on or about June 7, 2019, Plaintiff LEGGETT was a passenger in a 2009 Hyundai Genesis, operated by Leonard Harper, in Clark County, Nevada.

7. At such time and place, Defendant MCCLARIN was the operator of a vehicle generally described as a 2015 Volvo Semi Truck, in Clark County, Nevada.

8. At such time and place, Plaintiff LEGGETT was in a vehicle traveling northbound SR 604 at the US 95 north ramps in the left turning lane.

9. At such time and place, and upon information and belief, Defendant MCCLARIN was also traveling northbound SR 604 at the US 95 north ramps in the number one lane.

10. At such time and place, and upon information and belief, Defendant MCCLARIN made an unsafe and improper left turn causing the left rear to strike the right side of Leonard Harper's vehicle, causing the subject collision.

11. At such time and place, and upon information and belief, Defendant MCCLARIN was operating her vehicle under the course and scope of her employment with Defendant KKW.

12. Upon information and belief, Defendants, and each of them, are responsible for Defendant MCCLARIN's actions as described herein as an employee acting within the course and scope of such employment pursuant to the doctrine of *Respondeat Superior* and Nevada law.

13. As a direct and proximate cause of Defendants' recklessness, and each of them, Plaintiff LEGGETT sustained severe personal injuries.

## FIRST CAUSE OF ACTION

**(Negligence; Negligence Per Se Defendants CARISA RENEE MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)**

14. Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as though set forth fully hereunder.

15. That at said time and place, Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, negligently, carelessly and recklessly operated her vehicle, violated Nevada and local statutes, traffic laws, and safety rules pertaining to the safe operation of motor vehicles, which caused the collision involving Plaintiff, including her injuries and damages complained of herein.

16. The acts and omissions on the part of Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, as set forth herein, were in direct violation of Nevada Statutes and/or Clark County ordinances, including, but not limited to, NRS 484B.203.

17. At all times herein mentioned, said Nevada Statutes and/or Clark County traffic ordinances and safety rules were designed and enacted to protect a class of persons, in particular bicyclists, to which Plaintiff belongs.

18. Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, are therefore negligent per se herein.

19. The injuries suffered by Plaintiff LEGGETT as a direct and proximate result of the collision was and is the type that the statute was intended to protect against.

20. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff LEGGETT was injured in health, strength, and activities, and sustained shock

and injury to her body, nervous system and person, all of which have caused, and will continue to cause him physical, mental and nervous pain and suffering, disability and loss of enjoyment of life.

21. As a direct and proximate result of the negligence and carelessness on the part of Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, Plaintiff sustained general and special damages to include medical expenses, possible future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

22. As a further direct and proximate result of the aforesaid negligence and carelessness on the part of Defendants MCCLARIN, DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20, and each of them, it has been necessary for Plaintiff to retain the law firm of CLARK LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Negligence; Respondeat Superior as to Defendant KKW TRUCKING, INC., DOES 1 through 20, and ROE BUSINESS ENTITIES 1 through 20)**

23. Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as though set forth fully hereunder.

24. Plaintiff is informed and believes that at the time of the subject accident, Defendant KKW was the employer and/or had control of its agent MCCLARIN.

25. Defendant MCCLARIN was acting within the course and scope of her duties for KKW at the time of the subject collision.

26. Under the doctrine of Respondeat Superior, Defendant KKW is vicariously liable, jointly and severally for the damages suffered by Plaintiff as a direct and proximate result of its employees and/or agents' negligence while driving in the course and scope of her employment.

27. Defendant KKW through its employees and/or agents, owed a duty to Plaintiff to drive safely and to avoid dangerous and/or reckless conduct.

28. Defendant KKW by and through its employees and/or agents, breached its duties of due care by negligently, carelessly and recklessly failing to drive in a save manner which caused damages to Plaintiff.

29. As a direct and proximate consequence of Defendant MCCLARIN's negligence, careless and reckless breach of duty, Plaintiff sustained general and special damages to include medical expenses, possible future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

30. As a direct and proximate consequence of Defendant MCCLARIN'S negligence, careless and reckless breach of duty, it has been necessary for Plaintiff to retain the law firm of CLARK LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION: Defendant KKW TRUCKING, INC., DOES 1 through 20, and ROE CORPORATIONS 1 through 20)**

31. Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as fully set forth hereunder.

32. These Defendants owed a duty of care to Plaintiff to use reasonable care in hiring, training and supervising individuals, such as Defendant MCCLARIN, to whom they would provide vehicles for use upon the public roadways, to ensure these individuals were fit for the purpose for which vehicles were provided.

///

33. These Defendants knew or should have known that Defendant MCCLARIN was unfit to safely operate the vehicle upon the public roadways before offering her a position of employment as a driver.

34. These Defendants knew or should have known that Defendant MCCLARIN was unfit to safely operate a vehicle upon the public roadways without reasonable training and supervision to reduce the risk of motor vehicle collision caused by Defendant MCCLARIN.

35. These Defendants breached their duty to Plaintiff by failing to reasonably hire, train and supervise Defendant MCCLARIN regarding her use and operation of the vehicle which they had entrusted to operate on June 7, 2019.

36. The Defendants breached their duty to Plaintiff by continuing to retain Defendant MCCLARIN and allowing him use and operation of the vehicle which they had entrusted to her on June 7, 2019.

37. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants KKW, DOES 1 through 20, and ROE CORPORATIONS 1 through 20, and each of them, Plaintiff LEGGETT was injured in health, strength, and activities, and sustained shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause her physical, mental and nervous pain and suffering, disability and loss of enjoyment of life.

38. As a direct and proximate result of the negligence and carelessness on the part of Defendants KKW, DOES 1 through 20, and ROE CORPORATIONS 1 through 20, and each of them, Plaintiff sustained general and special damages to include medical expenses, possible future medical expenses, loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

39.     As a further direct and proximate result of the aforesaid negligence and carelessness on the part of Defendants KKW, DOES 1 through 20, and ROE CORPORATIONS 1 through 20, and each of them, it has been necessary for Plaintiff to retain the law firm of CLARK LAW GROUP, PLLC, to prosecute this action, and Plaintiff is therefore entitled to recover reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR: Defendant KKW TRUCKING, INC., DOES 1 through 20, and ROE CORPORATIONS 1 through 20)

40.     Plaintiff repleads and realleges each and every allegation of the preceding paragraphs as fully set forth hereunder.

41.     At all relevant times herein, Defendant MCCLARIN was an employee of Defendants KKW, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and each of them, and was acting within the course and scope of her employment, in a non-independent venture in benefit of all other Defendants, and each of them, in the scope of the very task assigned to her, and in a manner reasonably foreseeable under the facts of the instant matter considering the nature and scope of her assignment with Defendants, and each of them.

42.     At all relevant times herein, Defendants KKW, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and each of them, were and are vicariously and jointly and severally liable for the actions of employee Defendant MCCLARIN, pursuant to the doctrine of *Respondeat Superior*.

43.     As a direct and proximate result of the conduct of Defendant MCCLARIN while acting within the course and scope of her employment, Plaintiff LEGGETT was seriously injured and caused to sustain general and special damages to include medical expenses, possible future medical expenses,

loss of wages, possible future losses of wages, and loss of earning capacity all in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

44. As a further direct and proximate result of the conduct of Defendant MCCLARIN while acting within the course and scope of her employment, Plaintiff LEGGETT has been required to retain the services of CLARK LAW GROUP, PLLC to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

**WHEREFORE**, Plaintiff FUMIKO LEGGETT, prays for relief against the Defendants, and each of them, as follows:

### ALL CLAIMS FOR RELIEF:

1. For past and future general damages and loss in an amount in excess of $15,000.00;

2. For past and future special damages, in an amount to be determined;

3. For reasonable attorneys' fees, pre and post judgment interest and costs of suit; and

4. For such other and further relief as to the Court may seem just and proper.

DATED this 26th day of May 2021,

**CLARK LAW GROUP, PLLC**

*/s/ C. Jared Clark*

**C. JARED CLARK, ESQ.**
Nevada Bar No. 13672
6655 W. Sahara Ave., Ste. A212
Las Vegas, NV 89146
*Attorneys for Plaintiff*

9