UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FUMIKO LEGGETT,<br><br>    Plaintiff(s),<br><br>  v.<br><br>CARISA RENEE MCCLARIN, et al.,<br><br>    Defendant(s). | Case No. 2:21-CV-1329 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Fumiko Leggett's motion to remand. (ECF No. 10). Removing defendant KKW Trucking, Inc. ("KKW") filed a response in opposition (ECF No. 11), to which plaintiff replied (ECF No. 14).

**I.    Facts & Background**

This is a tort action arising out of a motor vehicle accident which occurred on June 7, 2019 in Las Vegas, Nevada. (ECF No. 10 at 3). Defendant Christina McClarin ("McClarin") was driving a semi-truck, and plaintiff was the passenger in a sedan, when their two vehicles collided. (*Id.*). According to plaintiff, McClarin caused the collision by making an "unsafe and improper left turn." (*Id.*). Plaintiff further alleges that McClarin was operating the semi within the "course and scope of her employment" with KKW, and therefore both are necessary and proper parties to this suit. (*Id.*).

After filing suit in Nevada state court, plaintiff served a copy of the complaint and summons on KKW (ECF No. 7 at 1–2) but has thus far been unable to effectuate service on McClarin (ECF No. 12 at 4). After the complaint was served, KKW removed this case based on diversity jurisdiction. (ECF No. 1). Plaintiff now moves for remand, arguing that KKW's removal is procedurally improper. (ECF No. 10 at 5).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A defendant can remove any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). However, "federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). That is why there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris* USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). *See* Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996). The court resolves all ambiguities in favor of remand. *Gaus*, 980 F.2d at 566; *Hunter*, 582 F.3d at 1042.

But even if the diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2). This is the forum defendant rule, a waivable procedural rule yet still one of the "more substantive removal defects." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

## III. Discussion

This court first addresses the citizenship status of each party, and then whether remand is appropriate, namely the propriety of defendant KKW's snap removal.

### a. Citizenship of the parties

For the purposes of diversity jurisdiction, the court looks to an individual's citizenship at the time the lawsuit was filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person is a citizen of the state in which they are domiciled; a person is domiciled where they reside with the

**James C. Mahan**
**U.S. District Judge**

intention to remain indefinitely, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A corporation is a citizen of every state in which it is incorporated, and, in the state where it has its principal place of business. *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 774 (9th Cir. 1992); 28 U.S.C. § 1332(c)(1).

KKW and plaintiff agree that plaintiff is a citizen of the state of Nevada. (ECF No. 1 at 2; ECF No. 10 at 3). KKW claims that it is incorporated, and its principal place of business, is in California, thereby making it a citizen of California. (ECF No. 7 at 2). Plaintiff does not dispute this. Plaintiff alleges that McClarin is domiciled in Nevada and is therefore a forum defendant, rendering removal improper. (ECF No. 10 at 3). KKW does not dispute that McClarin is a forum defendant but instead contends that McClarin was not properly served prior to removal. (ECF No. 11 at 2). Thus, removal was lawful in KKW's view. (*Id.*).

**b. "Snap" Removal**

Snap removal is the tactic of removing a diversity case before a forum defendant has been served. The Second, Third, Fifth, and Sixth circuits endorse the tactic but the Ninth has not squarely addressed it.[1] Snap removal is performed against the backdrop of the forum defendant rule, which "is a procedural, or non-jurisdictional, rule." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936. Unlike jurisdictional rules, procedural rules may not be addressed *sua sponte* by the court. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005).

The forum defendant rule's characterization as a procedural, rather than jurisdictional, rule has led to a new form of jurisdictional gamesmanship in litigation: "snap" removal.[2]

---

[1] These cases are *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001).

[2] Several courts across the country have noted that the ubiquity of electronic docketing has also contributed to the rise in snap removals. *See, e.g.,* Delaughder v. Colonial Pipeline Co., 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018) ("Now referred to as snap removals, this litigation tactic has become increasingly popular in recent years due in part to the increased ease of electronic docket monitoring."); Perez v. Forest Labs., Inc., 902 F. Supp. 2d 1238, 1243 (E.D. Mo. 2012) ("Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." (emphasis added)).

1    Because § 1441(b) bars removal when "any of the parties in interest properly joined and served
2    as defendants" is a forum defendant, snap removal allows a non-forum defendant to remove an
3    action before the diversity-defeating forum defendant is served.  Although the Ninth Circuit has
4    not endorsed the practice, several other circuit courts have.  *See, e.g.*, *Texas Brine Co., L.L.C. v.*
5    *Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb*
6    *Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d
7    147, 153 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813, n. 2 (6th Cir. 2001).

8    Here, KKW engaged in "snap" removal by removing this case after it was served but
9    before McClarin—the forum defendant—had been served. (ECF No. 7 at 2–3).

10   McClarin is a proper defendant in this case as she was the driver of the semi-truck that
11   collided with plaintiff's vehicle—the central controversy. This is not a case of removal
12   "gamesmanship" in which plaintiff disingenuously invoked the forum defendant rule to defeat
13   diversity jurisdiction by virtue of joining an inapposite defendant. In fact, the gamesmanship
14   appears to be of a different sort. KKW—presumably knowing its own employee McClarin
15   resides in Nevada[3]—"snap" removed this action prior to its legitimate resident co-defendant
16   being formally served. KKW was served on June 22, 2021. Plaintiff has had some difficulty
17   serving McClarin at her Las Vegas, Nevada address "despite multiple attempts"—likely due to
18   the peripatetic nature of the profession of truck driving (ECF No. 10 at 3). Indeed, Magistrate
19   Judge Weksler granted an ex parte motion to extend time to serve McClarin on September 9,
20   2021. (ECF No. 16).

21   KKW is correct that § 1441(b) technically states that a "civil action…may not be
22   removed if any of the parties in interest *properly joined and served* as defendants is a citizen of
23   the State in which such action is brought," which is the sole premise of its argument and the
24   justification for the recent game of snap removal amongst savvy defendants. The advent of
25   modern technology allowing near-real-time monitoring of dockets has brought this issue to the
26   forefront. The statutory language is unclear and the court is without guidance from the Ninth

---

[3] Indeed, KKW does not aver in its response to the motion to remand (ECF No. 11) that McClarin is *not* a resident of Nevada; only that she was not properly served and therefore removal was lawful.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Circuit. In that light, the court resolves the present ambiguity in favor of remand since KKW has not overcome the strong presumption against removal jurisdiction. *Gaus*, 980 F.2d at 566; *Hunter* 582 F.3d 1039.

While this court has previously found that serving a forum defendant *first* is a "modest burden,"[4] the court is not persuaded to allow removal under these ambiguous circumstances. The court adopts its prior reasoning that "Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants." *Deutsche Bank Nat'l Trust Co. v. Fidelity Nat'l Title Group, Inc.*, 2020 WL 7360680, at *4 (D. Nev. Dec. 14, 2020).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for remand to state court (ECF No. 10) be, and the same hereby is, GRANTED.

DATED September 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[4] *HSBC Bank USA, Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc.*, 508 F. Supp. 3d 781 (D. Nev. 2020) (Dorsey, J.)

**James C. Mahan**
**U.S. District Judge**

- 5 -